Laurence F. Padway, SBN #89314
Gayle Godfrey Codiga, SBN # 114715
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-0680
Facsimile : (510)814-0650

Eugene R. Oreck, SBN #67040
Oreck and Oreck
1939 Harrison Street, #320
Oakland, California 94612
Telephone: (510) 444-1555
Facsimile : (510) 836-3136

Attorneys for plaintiff

ORIGINAL FILED
OCT 3 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| JEANETTE SANDERS, | No. C07-05537 EMC |
| Plaintiff, | COMPLAINT FOR ERISA BENEFITS |
| YMCA OF THE EAST BAY LONG TERM DISABILITY POLICY | |
| Defendant | |
| UNUM LIFE INSURANCE COMPANY, | |
| Real Party In Interest | |

Comes now the plaintiff, demanding a trial by jury, and alleging of defendant as follows:

//

//

JURISDICTION

1. This suit seeks review of a failure to extend benefits under a long term disability plan covered by ERISA, 28 U.S.C. 1132. Federal jurisdiction arises under 38 U.S.C. 1132(f).

FACTS

2. Plaintiff Jeanette Sanders was employed by the YMCA of the East Bay in Oakland, California, until she became disabled in September, 2002.

3. Plaintiff Jeanette Sanders is a beneficiary of the YMCA of the East Bay which resides within this judicial district. The plan is covered by the Employee Retirement Income Security Act of 1972. The long term disability policy number is 507767 001.

4. Real party in interest, UNUM Life Insurance of America is a corporation which acts as a fiduciary of the plan and has taken over as the decision-maker of disability benefits under the plan. Said defendant delegated its duties to administer claims to UnumProvident Corporation.

5. In 2002, while employed by the YMCA of the East Bay, plaintiff became disabled as the result of illness, including septicemia and lupus. She has been unable to work since that time.

6. Defendant paid benefits to Ms. Sanders from 2002 until October, 4, 2004, at which time defendant terminated benefits alleging that plaintiff was no longer disabled for any occupation.

7. On January 24, 2005 Jeanette Sanders filed suit against UNUM Life Insurance Co case number C06-0453-WHA for Bad Faith, Intentional Inflication of Emotional Distress and Breach of Contract.

8. On October 3, 2005 the parties stipulated to a reassessment program through Unum

Life Insurance Co. and the action was stayed under the Multistate Claim Reassessment Program. Plaintiff accepted that offer. Under the terms of the Reassessment program, plaintiff waived his right to pursue legal remedies against UnumProvident to the extent that benefits were paid as a result of the reopening of the claim. However, plaintiff retained her right to sue to the extent that benefits were not paid to him as a result of the reassessement process.

9. On April 24, 2006 the case was dismissed by stipulation and Jeanette Sanders would be reassessed by UNUM Life Insurance Co.

10. The statute of limitations relevant to this lawsuit was stayed as a result of plaintiff's participation in the reassessment program.

11. Plaintiff submitted additional reports to UnumProvident in connection with the reassessment process, and otherwise substantially complied with the terms of the program. There has been additional information submitted to UnumProvident. .

12. UNUM Life Insurance company refused to reassess Plaintiff's claim.

13 As a proximate result thereof, plaintiff has been damaged by failure to pay policy benefits in the sum of $1,352.00 per month from Octrober 4, 2004 through August 2, 2007 ( her 65th birthday). The loss of benefits total is $44,616.00

14. Plaintiff has been compelled to retain counsel to collect the benefits owed, and is entitled to reasonable attorney fees under ERISA in an amount dependent upon the extent of litigation required and estimated at $150,000 through trial

Wherefore, plaintiff prays for relief as set forth below:

    1. For benefits, past and future, for long term disability as provided by the term of the plan in the amount of $46,616.00;

    2. For attorneys fees of $150,000 or according to proof:

    3. For such other relief as the court deems just and proper.

Dated: October 30, 2007

_____
Gayle Godfrey Codiga
Attorney for plaintiff