1 | Laurence F. Padway, SBN #89314
Gayle Godfrey Codiga, SBN # 114715
2 | Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
3 | Alameda, California 94501
Telephone: (510)814-0680
4 | Facsimile : (510)814-0650

5 | Eugene R. Oreck, SBN #67040
Oreck and Oreck
6 | 1939 Harrison Street, #320
Oakland, California 94612
7 | Telephone: (510) 444-1555
Facsimile : (510) 836-3136
8

9 | Attorneys for plaintiff

10 | Horace W. Green (SBN 115699)
GREEN & HUMBERT
11 | 220 Montgomery Street, Suite 438
San Francisco, California 94104
12 | Telephone: (415) 837-5433
Facsimile: (415) 837-0127
13
Attorneys for Defendants
14 | YMCA OF THE EAST BAY
LONG TERM DISABILITY PLAN
15

16

17 | UNITED STATES DISTRICT COURT

18 | NORTHERN DISTRICT OF CALIFORNIA

19

20 | JEANETTE SANDERS,
                                        No.  C 07-05537 EMC
21
         Plaintiff,                     JOINT CASE MANAGEMENT
22                                      CONFERENCE STATEMENT
   YMCA OF THE EAST BAY LONG
23 | TERM DISABILITY POLICY

24       Defendant
   _____/
25

26 | UNUM LIFE INSURANCE
   COMPANY,
27
         Real Party In Interest
28 | _____/

The parties to the above entitled action jointly submit this Case Management Conference Statement.

**1      JURISDICTION**

The parties agree the Court has original jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. section 1001, et seq. There are no issues regarding personal jurisdiction or venue, and no parties remain to be served.

**II.      DESCRIPTION OF THE CASE**

**Statement of the Case**

Jeanette Sanders was employed as a site director by the YMCA of the East Bay in Oakland, California, until she became disabled in September, 2002. She filed a claim for long term disability benefits in May, 2003, as a result of illness including septicemia and lupus. Defendant paid benefits until October 4, 2004 at which time Defendant determined that Plaintiff no longer met the Plan's definition of disability. Ms. Sanders appealed the termination of benefits but defendant denied two administrative appeals.

Ms Saunders filed suit on or about January 24, 2005 against UNUM Life Insurance Co case number C06-0453-WHA for Bad Faith, Intentional Infliction of Emotional distress and Breach of Contract. She contended at that time that the YMCA plan qualified as a "church plan" and was therefore exempt from ERISA.

On October 3, 2005 the parties stipulated that the claim proceed through the Unum reassessment program and the federal action was dismissed while the claim proceeded under the

1  Multistate Claim Reassessment Program.  Under the terms of the Reassessment program, plaintiff
2  waived her right to pursue legal remedies against UnumProvident to the extent that benefits were paid
3  as a result of the reopening of the claim.   However, plaintiff retained her right to sue to the extent that
4  benefits were not paid to him as a result of the reassessment process.

6        Ms. Sanders submitted a request to participate in the reassessment to Unum on or
7  around May 27, 2007.  Ms Sanders submitted additional reports to UNUM in connection with the
8  reassessment process, but Unum denied reassessment of the claim contending that she had missed a
9  filing deadline.  This action followed.  Ms. Sanders now concedes that her claim is subject to ERISA,
10 and has filed a single claim for relief for benefits due under ERISA.

## FACTS

**A.** **Principal issues in Dispute**

1. If documents transmitted to UNUM after the August 2005 final denial are admissible;
2. Whether the applicable standard of review to be applied by the court is abuse of discretion or de novo;
3. If the standard of review is abuse of discretion, whether Unum abused its discretion;
4. If the standard of review is *de novo,* whether plaintiff is disabled;
5. Whether any other relief sought is proper and appropriate.

**B** **Pleadings**

The parties do not anticipate any amendment of the pleadings on the joining of additional parties.

**C.** **Relief Sought**

Ms Sanders seeks benefits due under the Plan and her costs and attorneys' fees for both the first action and this action.  Although UNUM and the Plan are not seeking damages, if liability is established, plaintiff's recovery must be off-set by all benefits awarded by the other sources as outlined in the policy.

1  III.   **DISCLOSURES**

2  The parties have agreed to serve their Initial Disclosures by January 30, 2008.

3  IV.   **DISCOVERY**

4  **Plaintiff's Position**

5  Plaintiff believes discovery is appropriate to determine the standard of review, and the fairness
6  of the administrative proceeding. Plaintiff intends to propound interrogatories and possibly may
7  request a small number of short depositions, primarily to demonstrate the extent to which the
8  structural conflict of interest has informed the administrative processes.

9  **Defendant and Real Party In Interest's Position**

10 Unum and YMCA of the East Bay contend discovery would be improper in this case because
11 it is an ERISA action. One of the primary goals of ERISA is to provide a method for workers and
12 beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Thus, the Court's
13 review of UNUM's decision to deny long-term disability benefits to plaintiff is limited to the
14 administrative record consisting of the claim file and the applicable Plan documents.

15 V.   **SETTLEMENT AND ADR**

16 The parties have requested court mediation.

17 VI.   **CONSENT TO MAGISTRATE**

18 Defendant and Real Party In Interest do not consent to a magistrate Judge for all purposes.

19 VII.   **OTHER REFERENCES**

20 The parties agree that this case is not suitable for reference to binding arbitration, a special
21 master, or the Judicial Panel on Multi-District Litigation.

22 VIII.  **SCHEDULING**

23 A.   **Pretrial Conference**

24 Because this is an ERISA action, the parties agree that a Pretrial Conference is not necessary.
25 (*Kearney v. Standard*, 175 F. 3d 1084 (9th Cir. 1999).) Therefore with respect to scheduling and
26 planning, the parties agree to waive the Pretrial Conference and its attendant requirements under the
27 Civil Local Rules.

28 B.   **Motions**

1  The parties anticipate filing cross motions for summary judgment to be heard in July, 2008. These cross-motions are, in ERISA law, vehicles for bringing the administrative record before the Court so that it may rule on the case. The parties stipulate to two sets of briefs, one due 35 days before the hearing and the other due 14 days before the hearing.

**C. Trial**

As an ERISA case, this matter proceeds by bench trial. The trial estimate is two hours. The parties request a trial date in September 2008, in the event the case is not disposed of by summary judgment, although the parties expect the summary judgment motions to be dispositive.

**Defendant and Real Party In Interest Propose the Following Briefing Schedule:**

Opening Briefs: 45 days before trial.

Responsive Briefs: 14 days before trial.

**IX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**A. Plaintiff's Disclosure**'

Plaintiff joins in defendant's disclosure.

**B. UNUM and The Plan's Disclosure**

UNUM and the Plan filed their "Certification of Interested Entities or Persons" on December 5, 2007 as required by Civil Local rule 3-16. The following listed persons, associations of persons, firms partnerships corporations or other entities (1) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (2) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of the proceeding:

| | |
|---|---|
| JEANETTE SANDERS | Plaintiff |
| YMCA OF THE EAST BAY LONG TERM DISABILTIY PLAN | Defendant |
| UNUM GROUP, formerly known as UNUM LIFE INSURANCE COMPANY OF AMERICA | Real Party in Interest |

Dated: January 29, 2008              LAW OFFICE OF LAURENCE F. PADWAY


By:_____
    Gayle Godfrey Codiga
    Attorrneys for Plaintiff Jeanette Sanders

Dated January 29, 2008               GREEN & HUMBERT


By:_____
    Horace W. Green
    Attorneys for Defendants
    YMCA OF THE EAST BAY LONG
    TERM DISABILITY PLAN